IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY A. FEELY,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-619
JUDGE MICHAEL H. WATSON
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (Doc. 1) and *Petitioner's Brief in Support of the Grounds for Relief Submitted on May 28, 2016* (Doc. 6), the *Return of Writ* (Doc. 7), *Petitioner's "Traverse" in Response to Respondent's Answer to Petitioner's "Writ"* (Doc. 10)("*Traverse*"), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Facts and Procedural History

Petitioner was indicted by the February 20, 2014, term of the Licking County Grand Jury on nine (9) counts of gross sexual imposition on a person under the age of thirteen, in violation of O.R.C. § 2907.05(A)(4). (Doc. 7-1, PageID# 186). On October 3, 2014, Petitioner entered "Alford Guilty pleas" to the charges against him. (PageID# 196). The trial court imposed an aggregate term of six years' incarceration pursuant to the joint recommendation of the parties. (PageID# 196-97). Petitioner did not file a timely appeal from the judgment of conviction. On March 11, 2015, and proceeding through new counsel, Petitioner filed a *Notice of Appeal* and *Motion for Leave of Court to File Delayed Criminal Appeal and Supporting Affidavits* (PageID#

201-02). On April 13, 2015, the appellate court denied that motion for a delayed appeal. *Judgment Entry* (PageID# 215). On May 15, 2015, the appellate court denied Petitioner's motion for reconsideration. *Traverse* (Doc. 10, PageID# 332, 334). On November 10, 2015, the Ohio Supreme Court declined jurisdiction of the appeal pursuant to Ohio S.Ct.Prac.R. 7.08(B)(4). *Id.* (PageID# 236).

On June 28, 2016, and acting without the assistance of counsel, Petitioner filed the *Petition,* alleging that he was denied the effective assistance of counsel (claim one); and that the trial court unconstitutionally in making certain factual findings to enhance his sentence, in imposing a mandatory term of post release control, in ordering that Petitioner be required to register as a sexual offender for twenty-five years, and in reviewing the Presentence Investigation Report prior to Petitioner's change of plea (claims two through five).[1] Respondent contends that Petitioner procedurally defaulted his claims or waived them by the entry of his guilty plea.

**Procedural Default**

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). However, in recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies.

---

[1] Petitioner has withdrawn claim six of the *Petition. See Petitioner's Brief in Support of the Grounds for Relief Submitted on May 28, 2016* (Doc. 6, PageID# 27).

*Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982 (*per curiam* ) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas. . . ." *Coleman* v. *Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must present his claim in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that, if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the merits of the claims, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case - that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim has been waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that

there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause sufficient to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards*, 529 U.S. at 452 (quoting *Murray,* 477 U.S. at 479). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards,* 529 U.S. at 450–51.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default has occurred, the court must not consider the merits of the procedurally defaulted claim unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray,* 477 U.S. at 495–96).

In claim one, Petitioner asserts, *inter alia*, that he was denied the effective assistance of trial counsel because his attorney failed to investigate, agreed to a sentence that was contrary to law and violated the Double Jeopardy Clause, and failed to challenge a defective indictment or subject the prosecution's case to adversarial testing. In claim two, Petitioner asserts that the trial court violated the Sixth Amendment by making factual findings to enhance Petitioner's sentence. In claim three, Petitioner asserts that the trial court unconstitutionally imposed a term of post release control. He also asserts that O.R.C. § 2967.28 is unconstitutional on its face. In claim four, Petitioner asserts that the requirement in his sentence that he register as a sexual offender for twenty-five years violates the Eighth Amendment and the Double Jeopardy Clause. In claim five, Petitioner asserts that the trial court unconstitutionally reviewed the Presentence Investigation report prior to Petitioner's change of plea.

Petitioner waived the foregoing claims by the entry of his guilty plea and his agreement to the imposition of a jointly recommended sentence.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea

> by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. at 771].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Additionally,

> [p]re-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger*, 20 Fed.Appx. 307, 309 (6th Cir. 2001); *see also Siebert v. Jackson*, 205 F.Supp.2d 727, 733–34 (E.D. Mich. 2002) (holding that a habeas petitioner's claims of deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at the plea hearing that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement). The petitioner's pre-plea claims of ineffective assistance of trial counsel have been waived by his guilty plea.

*Danner v. Booker*, No. 10-11434, 2014 WL 3525071, at *8 (E.D. Mich. July 16, 2014).

Petitioner initialed and signed a *Plea Agreement* indicating that he understood that, if the Court imposed a jointly recommended sentence that was authorized by law, his sentence would not be subject to review on appeal. (Doc. 7-1, PageID# 210). At the time of his guilty plea hearing, Petitioner agreed to the jointly recommended aggregate mandatory prison sentence of six years. He agreed to be designated as a Tier II sexual offender. He agreed that the trial court could make the requisite consecutive findings to impose an aggregate six year mandatory term. *Transcript* (Doc. 7-2, PageID# 240). Petitioner therefore has waived his right to claim that the trial court unconstitutionally imposed this sentence or that his sentence is constitutionally invalid on these grounds.

As noted, Petitioner indicated that he understood that his plea agreement provided for the imposition of a jointly recommended or agreed-to sentence, and that if the trial court imposed that jointly recommended sentence, it would not be subject to review on appeal. (PageID# 243-44). Moreover, that result is a requirement of Ohio law:

6

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

O.R.C. § 2953.08(D). "A jointly recommended sentence is 'authorized by law' if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose." *Kelley v. Brunsman*, 625 F.Supp.2d 586, 601-02 (S.D. Ohio 2009) (citing *Rockwell v. Hudson*, No. 5:06–cv–391, 2007 WL 892985, at *6 (N.D.Ohio March 21, 2007) (internal citations omitted). *See also Butler v. Warden, Lebanon Correctional Institution*, No. 09-4531, 483 Fed.Appx. 102, unpublished, 2012 WL 1861518 (6th Cir. 2012) (Petitioner waived the right to challenge the constitutionality of his sentence upon the entry of a sentence imposed pursuant to the joint agreement of arties in accordance with O.R.C. § 2953.08(D)); *Ratleff v. Warden, Chillicothe Correctional Institution*, No. 2:15-cv-00128, 2016 WL 3077532, at *9 (S.D. Ohio June 1, 2016) (challenge to trial court's imposition of maximum consecutive terms of incarceration was waived by the entry of guilty plea and agreement to the imposition of a sentence jointly recommended by the parties) (citing *Cornell v. Jeffries*, No. 2:05-CV-958, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (petitioner waived the right to appeal his sentence under O.R.C. § 2953.08(D) by agreeing to the jointly recommended sentence) (internal citations omitted).

Petitioner did retain the right to appeal on the ground that his guilty plea was not knowingly and voluntarily made. *See Stone v. Moore*, 2008 WL 4372696, at 6 (S.D. Ohio Sept. 23, 2008)(citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981) (other citations omitted). Additionally, "[a] defendant who pled guilty may appeal his conviction on grounds that the statute on which his conviction is based is unconstitutional." *Walker v. Warden, Lake Erie correctional Institution*, No. 2016 WL 1019258, at *5 (S.D. Ohio March 15, 2016)(quoting *McIntosh v. Hudson*, 632 F.Supp.2d 725, 737038

(N.D. Ohio 2009). "A defendant who pled guilty may appeal a sentence that is contrary to law. Ohio Rev. Code § 2953.08." *Id.* (quoting *McIntosh v. Hudson*, 632 F. Supp. 2d at 737-38).

However, Respondent argues that Petitioner has nevertheless procedurally defaulted any of the claims that are not foreclosed by the entry of his guilty plea by failing to file a timely appeal from his judgment of conviction. The state appellate court denied Petitioner's motion for a delayed appeal for failure to establish good cause for the untimely filing:

> This [] matter comes before the Court upon Appellant's "Motion for Leave to File Delayed Appeal." Appellant seeks to appeal the trial court's entry dated October 10, 2014. He avers he did not timely file a notice of appeal because of his movement between prisons and because he only recently discovered his sentence might be "illegal". . . .
>
> The Supreme Court has held, "If a movant establishes sufficient reasons justifying the delay, the appellate court may, in its discretion, grant the motion, and the case proceeds as it would have if timely filed." *State v. Silsby* (2008), 119 Ohio St.3d 370, 372[.]
>
> Upon consideration, Appellant's motion is denied.

*Judgment Entry* (Doc. 7-1, PageID# 215). Further, the United States Court of Appeals has held that "a Petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims." *See Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011). Therefore, because Petitioner failed to file a timely appeal and his motion to file a delayed appeal was denied for failure to make the required showing of good cause, Petitioner has procedurally defaulted his claims.

Petitioner may still secure this Court's review of the merits of the claims that have not been waived by the entry of his no contest plea if he demonstrates cause for his failure to follow the state procedural rule, as well as actual prejudice from the constitutional violations that he alleges. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural

8

default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). However, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Petitioner has failed to do so here.

As cause for this procedural default, Petitioner asserts that neither the trial court nor his attorney informed him of his limited appellate rights, and that he was denied the right to the effective assistance of counsel because his attorney failed to advise him of his limited appellate rights.[2] Petitioner indicated in his March 10, 2015, motion for a delayed appeal that he had been placed at the Correctional Reception Center, where he remained in "lockdown 22 hours per day" until December 24, 2014. During that time, Petitioner asserts, the public defender told Petitioner that he could not file an appeal. (Doc. 7-1, PageID# 206). Thereafter, on December 24, 2014, when Petitioner was moved to the Chillicothe Correctional Institution, he learned that he could file an appeal, and he asked his family to help him find an appellate attorney. *Id*. (PageID# 203). "Additional delay between the end of January and March 10, 2015 was due to the communications and scheduling problems between Feely's family and Appellant counsel." *Motion for Leave of Court to File Delayed Criminal Appeal and Supporting Affidavits* (Doc. 7-1, PageID# 203). Attorney Donald Gallick indicated that Petitioner's family had contacted him at the end of January 2015 to discuss retaining Gallick for the purpose of filing a delayed appeal. (PageID# 205). On February 19, 2015, Gallick met with Petitioner in Chillicothe and directed Petitioner to provide an affidavit explaining the reasons for the untimely appeal. On March 2,

---

[2] Petitioner also refers to *Board v. Bradshaw*, 805 F.3d 769, 776 (6th Cir. 2015), which held that a motion for a delayed appeal tolls the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). This holding does not apply to the circumstances at issue here.

2015, Gallick received the requested affidavit from the Petitioner. *Id*. On March 10, 2015, Gallick filed the motion for a delayed appeal. Petitioner further indicated that, when he pleaded guilty, he was not advised that consecutive sentences would be imposed.

However, Petitioner never presented to the state courts his claim that he was denied the effective assistance of counsel based on his attorney's failure to advise him of his right to file an appeal. Therefore, that claim cannot constitute cause for his procedural default in these proceedings. *See Edward,* 529 U.S. at 450-51 (the constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted) (citing *Murray,* 477 U.S. 488-89). "[A] petitioner cannot use the ineffective assistance of appellate counsel as cause to excuse a procedurally defaulted claim when he has failed to present the claim of the ineffectiveness of appellate counsel as an independent claim or has otherwise procedurally defaulted that claim." *Tomilinson v. Bradshaw,* No. 5:13-cv-1808, 2015 WL 106060, at *17 (N.D. Ohio Jan. 7, 2015) (citations omitted). Under these circumstances, Petitioner has failed to establish cause for his procedural default.

The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496. In *Schlup*, the Supreme Court held that a credible showing of actual innocence was sufficient to authorize a federal court to reach the merits of an otherwise procedurally-barred habeas petition. *Id.* at 317. However, the actual innocence claim

is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id*. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence – that is, evidence not previously presented at trial – would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter,* 395 F.3d at 589–90 (footnote omitted). Petitioner does not meet these standards here. After an independent review of the record, the Court does not deem this to be so extraordinary a case as to relieve petitioner of his procedural default.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

<u>s/ Norah McCann King</u>
Norah McCann King
United States Magistrate Judge
August 23, 2017