# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JEFFREY A. FEELY,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-619
JUDGE MICHAEL H. WATSON
Magistrate Judge King

## OPINION AND ORDER

On August 23, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. R&R, ECF No. 11. Petitioner objected to that recommendation, Obj., ECF Doc. 14, and filed a Motion for a Stay in Abeyance, ECF No. 17, and a Motion for Leave to File Instanter an Amended Petition, ECF No. 20. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection, ECF No. 12, is **OVERRULED**. The R&R, ECF No. 11, is **ADOPTED** and **AFFIRMED**. Petitioner's Motion for a Stay in Abeyance, ECF No. 17, is **DENIED**. Petitioner's Motion for Leave to File Instanter an Amended Petition, ECF No. 20, is **DENIED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his October 3, 2014, convictions pursuant to his "Alford Guilty pleas" in the Licking County Court of Common Pleas on nine counts of gross sexual imposition on a person under the age of thirteen. He did not file a timely appeal from the judgment of conviction, although he attempted—unsuccessfully—to pursue a delayed appeal. He asserts in this action that he was denied the effective assistance of counsel (claim one); and that the trial court unconstitutionally made certain factual findings to enhance his sentence, imposed a mandatory term of post release control, ordered that Petitioner be required to register as a sexual offender for twenty-five years, and reviewed the Presentence Investigation Report prior to Petitioner's change of plea (claims two through five). The Magistrate Judge recommended dismissing Petitioner's claims as either waived by entry of his guilty plea[1] and agreement to the imposition of a jointly recommended sentence or as procedurally defaulted based on his failure to file a timely appeal.

Petitioner objects to the Magistrate Judge's recommendation of dismissal on the basis of procedural default for failure to timely appeal. He again asserts, as cause for his failure to file a timely appeal, that he was denied the effective

---

[1] The R&R dismissed Petitioner's claims based on ineffective assistance of trial counsel for, *inter alia*, failure to investigate and adoption of factual findings that enhanced Petitioner's sentence (claims one and two); the trial court's unconstitutional imposition of a term of post release control (claim three); violations of the Eighth Amendment and Double Jeopardy Clause because of the requirement that he register as a sexual offender (claim four); and the trial court's unconstitutional review of the Presentence Investigation Report prior to Petitioner's change of plea (claim five) as waived by entry of his guilty plea. R&R 5–7, ECF No. 11. Petitioner does not object to that portion of the R&R.

assistance of trial counsel because his attorney failed to advise him of his limited right to appeal.

"[I]n demonstrating cause for a procedural default, a petitioner must have either completely exhausted the claim that constitutes cause, or demonstrate cause and prejudice for that claim as well." *Taylor v. Myers*, 345 F. Supp. 2d 855, 864 (W.D. Tenn. April 30, 2003) (citing *Edwards v. Carpenter*, 529 U.S. 446 (2000). Petitioner insists that he completely exhausted his ineffective assistance of counsel claim when he presented it to the state courts in his motion for a delayed appeal. He compares this case to *Thompson v. Wilson*, 523 F. Supp. 2d 626, 637 (N.D. Ohio 2007) (conditionally granting habeas corpus relief subject to the state granting the petitioner leave to file a delayed appeal based on the trial court's failure to advise the petitioner of his right to appeal). However, unlike the record in *Thompson*, the record in this action does not indicate that Petitioner asserted the denial of the effective assistance of his trial counsel as grounds for his untimely appeal. Instead, he indicated that the delay in filing an appeal was due to erroneous information provided to him by a public defender (who did not represent Petitioner either at trial or on appeal), *see Affidavit of Jeffrey Feely*, ECF No. 7-1, PAGEID # 206, by his movement between prison facilities, by communication problems with his retained appellate attorney, and because he had only recently discovered that his sentence might be illegal. *See* Memorandum in Support, ECF No. 7-1, PAGEID # 203; Judgment Entry, PAGEID # 233. Because Petitioner's claim for denial of effective assistance of

trial counsel was not exhausted in state court, it cannot constitute cause for Petitioner's procedural default unless he demonstrates cause and prejudice for that claim as well. *See Taylor*, 345 F. Supp. 2d at 864 (the constitutionally ineffective assistance of counsel may constitute cause for a procedural default so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted).[2]

To that end, Petitioner now asserts that he was denied the effective assistance of appellate counsel in connection with the filing of the motion for a delayed appeal, because his appellate attorney failed to assert the denial of the effective assistance of trial counsel as grounds for the untimely appeal. However, the right to counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Further, under the rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), attorney error in proceedings wherein there is no right to counsel, such as in the filing of a motion for a delayed appeal, cannot serve as cause for a procedural default. *See McClain v. Kelly*, 631 F. App'x 422, 429 (6th Cir. 2015).

---

[2] Moreover, that Petitioner did not learn that he could appeal his conviction until he transferred prison facilities is not cause for his procedural default. Petitioner states that he learned in December 2014, when he was moved to the Chillicothe Correctional Institution, that he could file an appeal. Still, he waited until March 10, 2015, to file the motion for a delayed appeal and, therefore, that he did not find out until December 2014 that he could appeal is not cause for waiting until March 2015 to file the appeal. *See Whitson v. Clipper*, No. 1:14-cv-2718, 2015 WL 3905104, at *3 (N.D. Ohio June 25, 2015) (petitioner failed to establish cause for procedural default where he waited seven months after learning about his right to appeal to file a motion for a delayed appeal).

Petitioner nonetheless compares facts of this case to those in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). Those cases announced a narrow exception to *Coleman*, holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez,* 566 U.S. at 9. However, the Supreme Court has explicitly declined to extend the holding in *Martinez* to claims of the denial of the effective assistance of appellate counsel. *See Davila v. Davis,* — U.S. —, —, 137 S. Ct. 2058, 2063 (2017). Therefore, Petitioner cannot rely on that exception to support his argument that ineffective assistance of appellate counsel in connection with the filing of the delayed appeal establishes cause and prejudice for the procedural default of his ineffective assistance of trial counsel claim. Additionally, Petitioner never presented the ineffective assistance of appellate counsel claim to the state courts. Thus, for that reason as well, it cannot constitute cause for Petitioner's procedural default of his ineffective assistance of trial counsel claim.

Petitioner also requests leave to amend the Petition to include a claim of denial of the effective assistance of appellate counsel based on his attorney's failure to file a petition for postconviction relief and failure to assert, as grounds for the untimely appeal, his trial counsel's failure to advise him of his right to appeal. Motion for Leave to File Instanter an Amended Petition, ECF No. 20-1, PAGEID ## 453-55. A motion to amend is appropriately denied if the amendment would result in undue delay or would be futile. *See Colvin v.*

*Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). Such are the circumstances here. Because Plaintiff had no constitutional right to appellate counsel with respect to his motion for postconviction relief or delayed appeal, allowing him to amend his Complaint to add such a claim would be futile.

In any event, Petitioner's request to amend the Petition at this late juncture is untimely. The one-year statute of limitations established by 28 U.S.C. § 2244(d)[3] has long since expired and bars Petitioner from amending the Petition

---

[3] 28 U.S.C. § 2244(d) provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

to include any claim that differs in time and type from his initial, timely claims. See *United States v. Hussain*, No. 14-20568, 2017 WL 4310144, at **2–3 (E.D. Mich. Sept. 28, 2017) (citing *Mayle v. Felix*, 545 U.S. 644, 640–50 (2005); *Hill v. Mitchell*, 842 F.3d 910, 922 (6th Cir. 2016) (other citations omitted)). Therefore, Petitioner's request to amend the Petition to include a new claim of the denial of the effective assistance of appellate counsel is **DENIED**.

The Court now turns to Petitioner's request for a stay of proceedings and denies the same. Petitioner seeks a stay in order to file a motion for postconviction relief to correct an "[i]llegal and [v]oid [s]entence." ECF No. 17. He intends to present in that filing a claim that the trial judge unconstitutionally made factual findings in imposing his sentence and a claim that his sentence is facially invalid in view of *State v. Bevly*, 142 Ohio St.3d 41 (2015) (holding that the provision of O.R.C. § 2907.05(C)(2)(a) requiring a mandatory prison term for a defendant convicted of gross sexual imposition when the State produces corroborating evidence of the crime but no mandatory minimum when no corroborating evidence is produced violates due process and, as it was applied in that case, violates the defendant's right to a jury trial). Petitioner argues that, although he agreed to the imposition of the jointly recommended term of six years and indicated that he understood that he thereby waived his right to appeal

---

        counted toward any period of limitation under this subsection.

his sentence, *see* Transcript, Doc. 7-2, PAGEID ## 240–41, 243–44; Entry of Guilty Plea, Doc. 7-1, PAGEID ## 193–94, he nonetheless did not actually waive his right to challenge the constitutionality of his sentence because that sentence was not authorized by Ohio law. *See* O.R.C. § 2953.08(D)(1).[4]

The Court finds, however, that a stay of this action is not warranted. "[A] federal habeas court may stay habeas corpus proceedings pending a petitioner's exhaustion of claims where the statute of limitations would otherwise bar a later re-filing, if the petitioner can establish good cause for having failed to exhaust state court remedies and if the unexhausted claim is potentially meritorious." *Lynch v. Sheets*, No. 2:08-cv-322, 2008 WL 2835465, at *5 (S.D. Ohio July 21, 2008) (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005)).

Petitioner does not establish good cause for his failure, to date, to exhaust that claim through a motion for re-sentencing. The trial court imposed Petitioner's sentence on October 3, 2014. *See* Judgment of Conviction and Sentence, ECF No. 7-1, PAGEID # 195. The Ohio Supreme Court issued its decision in *Bevly*, referred to by Petitioner, on February 11, 2015, more than two years ago. Nothing prevented Petitioner from earlier filing a motion asserting the sentence was in violation of law.

---

[4] O.R.C. § 2953.08(D)(1) provides:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

Additionally, the Court is not persuaded that Petitioner's claim is potentially meritorious. To the extent that Petitioner plans to assert that the sentence violates State law, this claim does not provide a basis for federal habeas corpus relief. 28 U.S.C. § 2254(a). "State courts are, after all, [ ] the final arbiters of the state law's meaning and application and the federal habeas court is not the appropriate forum to adjudicate such issues." *Moreland v. Bradshaw*, 635 F. Supp. 2d 680, 705 (S.D. Ohio April 10, 2009) (citing *Summers v. Leis*, 368 F.3d 881, 892 (6th Cir. 2004)). "[H]abeas exists only to correct errors of federal law, not state law[.]" *Moore v. Mitchell*, 708 F.3d 760, 791 (6th Cir. 2013) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

Moreover, despite Petitioner's contention that the trial judge made erroneous factual findings that changed his sentence from one that merely presumed prison time to one that required prison time, Objection, ECF No. 14, PAGEID # 369, the record shows that his sentence was not based on any judicial fact-finding. Instead, it was made pursuant to the joint recommendation of the parties and consistent with the terms of his plea agreement; the sentence was therefore not based upon any judicial fact-finding. *See Butler v. Warden, Lebanon Correctional Inst.*, 483 Fed. App'x 102, 107 (6th Cir. 2012) (trial court did not violate *Blakely v. Washington*, 542 U.S. 296 (2004), when it imposed a sentence pursuant to the joint recommendation of the parties). Additionally, Petitioner stipulated to the existence of "corroborating evidence" and agreed that

each of the charges against him carried a mandatory term of one year's imprisonment. Transcript, ECF No. 7-2, PAGEID # 246.

Under these circumstances, Petitioner's claim is not potentially meritorious, as that term is contemplated by *Rhines*, so as to justify a stay of this action. *See White v. Warden*, No. 2:17-cv-325, 2018 WL 334388, at *5 (S.D. Ohio Jan. 8, 2018) (citations omitted) ("[A] stay of proceedings would not be warranted for Petitioner to pursue a motion that has little likelihood of success."). Accordingly, Petitioner's motion for a stay is **DENIED**.

In his objections to the Magistrate Judge's recommendation, Petitioner also argues that he has established good cause for his untimely appeal, and that the state appellate court improperly denied the motion for a delayed appeal. Petitioner also insists that he did not agree to the terms of post release control or to the requirement that he register as a sex offender. He claims that, because the trial judge read his presentence investigation report prior to making a finding of guilt, his plea was not knowing or voluntary. He asserts that he has acted diligently in pursuing relief and that this case constitutes a manifest miscarriage of justice. Petitioner also specifically objects to the use of the word "conviction" in this case. He again argues, at length, regarding the merits of his claims.

After a careful review of the entire record, the Court does not find any of Petitioner's remaining objections to be well taken. The record indicates that Petitioner signed an Entry of Guilty Plea form indicating that he understood that he would be required to register as a Tier II sex offender and that he would be

required to register with the sheriff, who may be required to tell the community of his crime and address. ECF No. 7-1, PAGEID # 193. He understood that he would also be subject to five years of post-release control supervision by the Adult Parole Authority upon his release from prison. *Id.* at PAGEID # 194. At the time he entered his plea, Petitioner again indicated that he had agreed, pursuant to the terms of his plea agreement, to be classified as a Tier II sexual offender. ECF No. 7-2, PAGEID ## 240–41. He understood that this meant that he would be required to register with the sheriff in the county of his residence every 180 days for 25 years following his release from prison. *Id.* at PAGEID # 248. And he understood that he would be required to serve five years' post release control supervision as a part of his sentence upon his release from prison. *Id.* at PAGEID # 247. As previously indicated, and for the reasons discussed in the Magistrate Judge's Report and Recommendation, the Court agrees that Petitioner has waived the claims he now presents for relief. Moreover, Petitioner has failed to establish cause and prejudice for his procedural default.

Therefore, Petitioner's Objection, ECF No. 14, is **OVERRULED**. The Report and Recommendation, ECF No. 11, is **ADOPTED** and **AFFIRMED**. Petitioner's Motion for a Stay in Abeyance, ECF No. 17, is **DENIED**. Petitioner's Motion for Leave to File Instanter an Amended Petition, ECF No. 20, is **DENIED**. The claims asserted in this action are hereby **DISMISSED** as procedurally defaulted.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —, —, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 n.4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of

appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court is not persuaded that reasonable jurists could debate whether Petitioner's claims should have been resolved differently or that jurists of reason would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Finally, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**